UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PHYLLIS SPOLANSKY,

          Plaintiff,

-against-

MARUBENI AMERICA CORPORATION,

          Defendant.

Case No. 07 civ 8810

**ANSWER**

---

Defendant Marubeni America Corporation (hereinafter referred to as "MAC" or "Defendant") by and through its attorneys Jackson Lewis LLP, for its Answer, to Plaintiff Phyllis Spolansky's ("Ms. Spolansky" or "Plaintiff") Complaint (the "Complaint") hereby states as follows:

## AS TO THE "NATURE OF THE CLAIM"

1. Defendant denies each and every allegation set forth in Paragraph "1" of Plaintiff's Complaint, except avers that Plaintiff alleges that this is an action for declaratory, injunctive and equitable relief, as well as monetary damages.

2. Defendant denies each and every allegation set forth in Paragraph "2" of Plaintiff's Complaint.

## AS TO "JURISDICTION AND VENUE"

3. Defendant denies the allegations set forth in Paragraph "3" of Plaintiff's Complaint, except avers that Plaintiff alleges that the Court has jurisdiction over this case pursuant to under 28 U.S.C. §§1331 and that the Court has supplemental jurisdiction pursuant to 28 U.S.C. §§ 1367(a).

4. Defendant denies the allegations set forth in Paragraph "4" of Plaintiff's Complaint, except avers that Plaintiff alleges that venue is proper in this district pursuant to 28 U.S.C. §1391(b) and (c).

## AS TO "ADMINISTRATIVE PROCEDURES"

5. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "5" of Plaintiff's Complaint, except admits that Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission alleging violation of Title VII of the Civil Rights Act of 1964 and that Plaintiff received notice of her right to sue.

6. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "6" of Plaintiff's Complaint.

7. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "7" of Plaintiff's Complaint.

## AS TO "PARTIES"

8. Defendant admits the allegations set forth in Paragraph "8" of Plaintiff's Complaint, except denies knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiff's allegation that she resides in Staten Island, New York.

9. Defendant admits the allegations set forth in Paragraph "9" of Plaintiff's Complaint.

## AS TO "DISCRIMINATORY PRACTICES"

10. Defendant denies each and every allegation set forth in Paragraph "10" of Plaintiff's Complaint.

A. **As to "Challenged Practices"**

11. Defendant denies each and every allegation set forth in Paragraph "11" of Plaintiff's Complaint, except admits that the rotational staff are employees of MAC sent from the parent company to work for MAC for a term of years and national staff, of whom Plaintiff was a member, are comprised of both men and women.

12. Defendant denies each and every allegation set forth in Paragraph "12" of Plaintiff's Complaint.

13. Defendant denies each and every allegation set forth in Paragraph "13" of Plaintiff's Complaint.

14. Defendant denies each and every allegation set forth in Paragraph "14" of Plaintiff's Complaint.

15. Defendant denies each and every allegation set forth in Paragraph "15" of Plaintiff's Complaint.

16. Defendant denies each and every allegation set forth in Paragraph "16" of Plaintiff's Complaint.

17. Defendant denies each and every allegation set forth in Paragraph "17" of Plaintiff's Complaint.

18. Defendant denies each and every allegation set forth in Paragraph "18" of Plaintiff's Complaint.

19. Defendant denies each and every allegation set forth in Paragraph "19" of Plaintiff's Complaint.

20. Defendant denies each and every allegation set forth in Paragraph "20" of Plaintiff's Complaint.

21. Defendant denies each and every allegation set forth in Paragraph "21" of Plaintiff's Complaint.

22. Defendant denies each and every allegation set forth in Paragraph "22" of Plaintiff's Complaint.

**B.   As to "Patterns of Disparate Treatment and Impact"**

23. Defendant denies each and every allegation set forth in Paragraph "23" of Plaintiff's Complaint.

24. Defendant denies each and every allegation set forth in Paragraph "24" of Plaintiff's Complaint.

25. Defendant denies each and every allegation set forth in Paragraph "25" of Plaintiff's Complaint, except avers that two non-Japanese/non-Asian General Managers sued MAC for race, color and national origin discrimination and retaliation, and further avers that, to date, MAC has not had any female General Managers.

26. Defendant denies each and every allegation set forth in Paragraph "26" of Plaintiff's Complaint.

27. Defendant denies each and every allegation set forth in Paragraph "27" of Plaintiff's Complaint.

28. Defendant denies each and every allegation set forth in Paragraph "28" of Plaintiff's Complaint.

29. Defendant denies each and every allegation set forth in Paragraph "29" of Plaintiff's Complaint.

30. Defendant denies each and every allegation set forth in Paragraph "30" of Plaintiff's Complaint.

31. Defendant denies each and every allegation set forth in Paragraph "31" of Plaintiff's Complaint.

## AS TO "PLAINTIFF WAS A VICTIM OF THIS PATTERN AND PRACTICE OF DISCRIMINATION."

### A. As to "Phyllis Spolansky's Career at MAC"

32. Defendant denies each and every allegation set forth in Paragraph "32" of Plaintiff's Complaint, except admits that Ms. Spolansky began working at MAC on or about May 14, 2001 as a Senior Tax Accountant in MAC's Accounting Team/Tax Department and that Plaintiff was promoted to Tax Manager effective January 1, 2005.

33. Defendant denies each and every allegation set forth in Paragraph "33" of Plaintiff's Complaint, except admits that Plaintiff's work performance was documented in her written performance appraisals.

### B. As to "Discrimination in Discipline and Termination"

34. Defendant denies each and every allegation set forth in Paragraph "34" of Plaintiff's Complaint, except admits Plaintiff's employment was terminated effective July 24, 2006 and that Plaintiff's manager was Ms. Tomoko Tsutsui.

35. Defendant denies each and every allegation set forth in Paragraph "35" of Plaintiff's Complaint, except admits that Plaintiff did not miss any external filing deadline date with the Internal Revenue Service or any state or local tax jurisdiction.

36. Defendant denies each and every allegation set forth in Paragraph "36" of Plaintiff's Complaint, and avers that on or about June 2, 2006, Plaintiff was issued a coaching and counseling form.

37. Defendant denies each and every allegation set forth in Paragraph "37" of Plaintiff's Complaint.

38. Defendant denies each and every allegation set forth in Paragraph "38" of Plaintiff's Complaint, and avers that on or about September 23, 2005, Defendant issued Plaintiff a coaching and counseling form.

39. Defendant denies each and every allegation set forth in Paragraph "39" of Plaintiff's Complaint, and avers that Defendant issued Plaintiff coaching and counseling forms on or about September 23, 2005 which were signed by Ms. Tsutsui and approved by Mr. Yoshizawa and further avers that Defendant issued Plaintiff another coaching and counseling form in June 2006.

40. Defendant denies each and every allegation set forth in Paragraph "40" of Plaintiff's Complaint.

41. Defendant denies each and every allegation set forth in Paragraph "41" of Plaintiff's Complaint.

42. Defendant denies each and every allegation set forth in Paragraph "42" of Plaintiff's Complaint, except admits Plaintiff's employment was terminated effective July 24, 2006.

43. Defendant denies each and every allegation set forth in Paragraph "43" of Plaintiff's Complaint.

44. Defendant denies each and every allegation set forth in Paragraph "44" of Plaintiff's Complaint.

C. **As to "Unequal Promotional Opportunity Based on Race, Color, National Origin & Gender"**

45. Defendant denies each and every allegation set forth in Paragraph "45" of Plaintiff's Complaint.

46. Defendant denies each and every allegation set forth in Paragraph "46" of Plaintiff's Complaint, except admits that on or about January 1, 2005, Tomoko Tsutsui, became Plaintiff's manager, and at the same time Plaintiff was given the position of Tax Manager.

47. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "47" of Plaintiff's Complaint, except denies that Plaintiff was more qualified that Ms. Tsutsui for the position of Department Manager-Tax and denies that Ms. Tsutsui was selected because she is Asian/Japanese.

48. Defendant denies each and every allegation set forth in Paragraph "48" of Plaintiff's Complaint.

49. Defendant denies each and every allegation set forth in Paragraph "49" of Plaintiff's Complaint, and avers that "glass ceiling" allegations were made in a previously filed complaint by a former employee of Defendant.

50. Defendant denies each and every allegation set forth in Paragraph "50" of Plaintiff's Complaint.

51. Defendant denies each and every allegation set forth in Paragraph "51" of Plaintiff's Complaint.

**D.    As to "Unequal Pay Based on Race, Color, National Origin and/or Gender"**

52. Defendant denies each and every allegation set forth in Paragraph "52" of Plaintiff's Complaint.

53. Defendant denies each and every allegation set forth in Paragraph "53" of Plaintiff's Complaint.

54. Defendant denies each and every allegation set forth in Paragraph "54" of Plaintiff's Complaint.

55. Defendant denies each and every allegation set forth in Paragraph "55" of Plaintiff's Complaint.

### AS AND FOR A FIRST CAUSE OF ACTION
### (Discrimination in Violation of Title VII)

56. Defendant repeats and realleges its answers to each and every allegation set forth in Paragraphs "1" through "55", inclusive, as though fully set forth herein.

57. Defendant denies each and every allegation set forth in Paragraph "57" of Plaintiff's Complaint.

58. Defendant denies each and every allegation set forth in Paragraph "58" of Plaintiff's Complaint.

59. Defendant denies each and every allegation set forth in Paragraph "59" of Plaintiff's Complaint.

60. Defendant denies each and every allegation set forth in Paragraph "60" of Plaintiff's Complaint

61. Defendant denies each and every allegation set forth in Paragraph "61" of Plaintiff's Complaint.

### AS AND FOR A SECOND CAUSE OF ACTION
### (Discrimination in Violation of Section 1981)

62. Defendant repeats and realleges its answers to each and every allegation set forth in Paragraphs "1" through "61", inclusive, as though fully set forth herein.

63. Defendant denies each and every allegation set forth in Paragraph "63" of Plaintiff's Complaint.

64. Defendant denies each and every allegation set forth in Paragraph "64" of Plaintiff's Complaint.

65. Defendant denies each and every allegation set forth in Paragraph "65" of Plaintiff's Complaint.

66. Defendant denies each and every allegation set forth in Paragraph "66" of Plaintiff's Complaint.

67. Defendant denies each and every allegation set forth in Paragraph "67" of Plaintiff's Complaint.

### AS AND FOR A THIRD CAUSE OF ACTION
### (Discrimination in Violation of New York State Human Rights Law)

68. Defendant repeats and realleges its answers to each and every allegation set forth in Paragraphs "1" through "67", inclusive, as though fully set forth herein.

69. Defendant denies each and every allegation set forth in Paragraph "69" of Plaintiff's Complaint.

70. Defendant denies each and every allegation set forth in Paragraph "70" of Plaintiff's Complaint.

71. Defendant denies each and every allegation set forth in Paragraph "71" of Plaintiff's Complaint.

72. Defendant denies each and every allegation set forth in Paragraph "72" of Plaintiff's Complaint.

### AS AND FOR A FOURTH CAUSE OF ACTION
### (Discrimination in Violation of New York City Human Rights Law)

73. Defendant repeats and realleges its answers to each and every allegation set forth in Paragraphs "1" through "72", inclusive, as though fully set forth herein.

74. Defendant denies each and every allegation set forth in Paragraph "74" of Plaintiff's Complaint.

75. Defendant denies each and every allegation set forth in Paragraph "75" of Plaintiff's Complaint.

76. Defendant denies each and every allegation set forth in Paragraph "76" of Plaintiff's Complaint.

77. Defendant denies each and every allegation set forth in Paragraph "77" of Plaintiff's Complaint.

78. Defendant denies each and every allegation set forth in Paragraph "78" of Plaintiff's Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

79. Plaintiffs' claims are barred, in whole or in part, by the applicable Treaty of Friendship, Commerce and Navigation between the United States of America and Japan.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

80. The Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

81. Plaintiff's claims for discrimination are barred and/or any recovery of damages is precluded because Plaintiff unreasonably failed to take advantage of Defendant's preventative or corrective opportunities and Defendant exercised reasonable care to prevent and correct promptly any alleged discriminatory behavior.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

82. Plaintiff's claims are barred, in whole or in part, because she failed to use reasonable diligence to mitigate her alleged damages.

WHEREFORE, Defendant respectfully requests that the Court:

a. Dismiss Plaintiff's Complaint in its entirety, with prejudice;

b. Deny each and every demand and prayer for relief contained in the Complaint;

c. Award Defendant reimbursement for the reasonable attorneys' fees and costs it incurs in defending Plaintiff's Complaint which is frivolous, unreasonable and without foundation; and

d. Grant Defendant such other and fourth relief as the Court deems just and proper.

Respectfully submitted,

JACKSON LEWIS LLP
59 Maiden Lane
New York, NY 10038
(212) 545-4000
(212) 972-3213 (fax)

Dated: January 2, 2008
New York, New York

By: _____
James R. Williams
Diane Windholz

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on January 2, 2008, a true and correct copy of Defendant's Answer was served upon Plaintiff's counsel, Kathryn Webber of Thompson Wigdor & Gilly LLP, 350 Fifth Avenue, Suite 5720, New York, NY 10118, via regular first class mail.

_____
Diane Windholz